## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

MATTHEW HUMPHREY,

      **Plaintiff,**

v.

                             **Case No. 23-cv-00485-CDL**

STATE FARM FIRE AND CASUALTY
COMPANY, INC.,

      **Defendant.**

## DEFENDANT STATE FARM FIRE AND CASUALTY
## COMPANY'S PARTIAL MOTION TO DISMISS AND BRIEF IN SUPPORT

Pursuant to FED. R. CIV. P. 12(b)(6), Defendant State Farm Fire and Casualty Company[1] ("State Farm"), respectfully asks this Court to dismiss Plaintiff Matthew Humphrey's ("Plaintiff") claim for breach of contract contained in Plaintiff's Complaint[2] filed on August 25, 2023 [Doc. No. 2-2]. In the Complaint, Plaintiff alleges that State Farm and Plaintiff were parties to a contract for insurance that provided insurance coverage for his dwelling. However, the terms of the Policy clearly and unambiguously bar Plaintiff from pursuing a breach of contract claim against State Farm more than one (1) year after the date of loss or damage. Here, Plaintiff failed to commence this action before the one (1) year limitation period expired. This fundamental defect in the merits of Plaintiff's claim is clear from the face of the Complaint and, as a result, Plaintiff's breach of

---

[1]     Plaintiff named "State Farm Fire and Casualty Company, Inc." as the Defendant in this action. The correct name for this entity is "State Farm Fire and Casualty Company."

[2]     Plaintiff's state court filing prior to State Farm's removal of this action was styled a "Petition" in accordance with state court practice. This filing is referred to herein as a "Complaint" in accordance with the Federal Rules of Civil Procedure.

contract claim should be dismissed with prejudice. In further support of this Partial Motion to Dismiss,[3] State Farm provides the following:

### STANDARD OF REVIEW

FED. R. CIV. P. 12(b)(6) allows defendants to seek dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." A complaint will survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, a complaint must be dismissed if it fails to "plead facts sufficient to show that [the] claim has substantive plausibility." *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). This occurs when a complaint lacks facts that allow the court to "reasonably infer [Defendants'] liability." *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021).

Further, the Court need not accept as true bare legal conclusions in a complaint. *See Erikson v. Pawnee County Board of County Commissioners*, 263 F.3d 1151, 1154-55 (10th Cir. 2001) (complaint was dismissed because, beyond the "conclusory allegation[s]" saying so, there were no supporting facts showing a lack of probable cause). Accordingly, "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991). Respectfully, this Court should disregard all legal conclusions and look to whether the remaining specific factual allegations plausibly suggest

---

[3] State Farm respectfully submits that, following the Court's determination on this Partial Motion to Dismiss, State Farm shall file an Answer to Plaintiff's remaining claim. *See ThermoLife Intern., Gaspari Nutrition, Inc.,* CV-11-01056, 2011 WL 6296833, *5 (D. Ariz. Dec. 16, 2011) (even when a pending motion to dismiss may only address some of the alleged claims, the motion to dismiss tolls the time to respond to all claims under Rule 12(a)(4)).

that State Farm is liable to Plaintiff.  *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

## BACKGROUND

This case arises from Plaintiff's insurance claim with State Farm following a fire that occurred at Plaintiff's dwelling on March 21, 2021. Doc. No. 2-2, at ¶ 7. Plaintiff alleges that his dwelling was covered under a contract of homeowners insurance designated Policy No. BL-A937-6 (the "Policy"). *Id.* ¶ 8; *See Exhibit* 1, the Policy. According to Plaintiff's allegations, State Farm prematurely ceased paying Plaintiff's living expenses in violation of the Policy's provisions regarding Coverage C. Doc. No. 2-2, at ¶ 12. Plaintiff also alleges State Farm wrongfully used a higher dwelling coverage limit to underpay Plaintiff's claim under the Policy. *Id.* ¶ 14. Plaintiff alleges that this conduct constitutes a breach of the Policy and a violation of State Farm's duty of good faith and fair dealing. *Id.* ¶¶ 21-29.

State Farm vehemently disputes Plaintiff's allegations. Nevertheless, even if the allegations are accepted as true, Plaintiff's breach of contract claim is barred as a matter of law because Plaintiff filed the Complaint well after the one (1) year limitation period imposed by the Policy. Ex. 1, at 25. Under the Policy, actions must be pursued within one year of the date of loss. *Id.* Since Plaintiff's Complaint acknowledges that the loss occurred on March 21, 2021, Plaintiff was required to commence this action on or before March 21, 2022. *See* Doc. No. 2-2, ¶ 7. Plaintiff filed the Complaint on August 25, 2023. *Id.* at 1. Accordingly, State Farm respectfully requests that the Court dismiss Plaintiff's breach of contract cause of action, with prejudice.

## ARGUMENT AND AUTHORITY

Even if the Court accepts Plaintiff's allegations as true, which it must, the allegations contained in the Complaint fail to state a claim for breach of contract that is plausible on its face. To begin, this Court may consider the language of the Policy to evaluate the Plaintiff's claims

without converting this Motion to Dismiss into a Motion for Summary Judgment. In doing so, Plaintiff's claim is barred under the one (1) year limitation period imposed by the Policy and should be dismissed, with prejudice.

**I.      The Court May Use the Policy to Evaluate Plaintiff's Allegations Without Converting this Motion into a Motion for Summary Judgment.**

Under certain circumstances, this Court may review documents outside the pleadings without converting a motion to dismiss under FED. R. CIV. P. 12(b)(6) into a motion for summary judgment. *See GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997). Specifically, when a "document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *Id.*

This doctrine is appropriately applied when a plaintiff pursues a breach of contract claim that relies on a policy of insurance but fails to affix the same to the Complaint. *See, e.g.'s*, *Park v. First Am. Title Ins. Co.*, 743 F. App'x 902, 903 n.2 (10th Cir. 2018) (considering the language in a title insurance policy without converting action into motion for summary judgment); *Coonce v. CSAA Fire & Cas. Ins. Co.*, 748 F. App'x 782, 784 n.1 (10th Cir. 2018) (considering the terms of an insurance policy because the "Policy was integral to and referenced by the Second Amended Complaint and the parties did not dispute the copy's authenticity."); *Stand v. Hudson Ins. Co.*, Case No. 17-CV-0129-CVE-JFJ, 2017 WL 11474147, at *1 n.1 (N.D. Okla. Nov. 2, 2017) (unpublished) ("Plaintiff referenced the insurance policy in his complaint and this document is central to plaintiff's claim for declaratory judgment, and the Court can reference the insurance policy without converting Hudson's motion into a motion for summary judgment.").

Here, the Court should consider the Policy when testing Plaintiff's claims. The Policy is referenced, by policy number, in the Complaint. Doc. No. 2-2, ¶ 8. Further, the Policy is integral

4

to Plaintiff's breach of contract allegations; indeed, Plaintiff's claim necessarily relies on the Policy. *See id.* ¶¶ 21-25. As a result, this Court may consider the Policy without converting this Motion to Dismiss into a Motion for Summary Judgment.

**II.    Plaintiff's Claim for Breach of Contract is Time-Barred Under the Policy.**

The Policy contains a series of conditions that impact an insured's ability to obtain benefits under the Policy. Ex. 1, at 20-22. One of these provisions imposes limitations on Plaintiff's ability to file a lawsuit for breach of the Policy. Specifically, the Policy provides:

> **Suit Against Us.** No action will be brought against us unless there has been full compliance with all of the policy provisions. **Any action** by any party **must be started within <u>one year</u>** after the date of loss or damage. . . .

*Id.* at 22 (emphasis added).

Significantly, Oklahoma law recognizes the validity of a one-year contractual limitation period in insurance policies. *See* OKLA. STAT. tit. 36, § 4803 (the Oklahoma statutory form designated as the "standard fire insurance policy to be used in the State of Oklahoma" provides that "[n]o suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss"); *Wagnon v. State Farm Fire & Cas. Co.*, 1997 OK 160, ¶ 6 ("a fire policy, being property insurance, can be limited to a one-year period in which to file an action" (citing OKLA. STAT. tit. 36, § 3617)); *Burwell v. Mid-Century Ins. Co.*, 2006 OK CIV APP 97, ¶ 11, 142 P.3d 1005 ("We read *Wagnon* to stand for the proposition that, where the insurance policy covers losses from multiple perils, and the multiple perils are subject to different commencement-of-action periods, an action against the insurer must be commenced within the period prescribed for the particular peril causing the claimed loss.").

Federal courts, including this Court, have affirmed that contractual limitations periods in insurance policies are unambiguous and enforceable. *Breedlove v. Allstate Ins. Co.*, 73 F. App'x 377, 379 (10th Cir. 2003) (affirming district court's holding that the plaintiff's claim was barred by one year limitation period imposed by an insurance policy); *Hayes v. State Farm Fire & Cas. Co.*, 855 F. Supp. 2d 1291, 1301 (W.D. Okla. Jan. 24, 2012) (the one-year limitations period in the policy operated to bar the plaintiff's breach of contract claim because the one-year limitation period was "not ambiguous"); *Barraza v. State Farm Fire & Cas. Co.*, No. 21-CV-0282-CVE-CDL, 2023 WL 359518, at *5 (N.D. Okla. Jan. 23, 2023) ("[C]ourts interpreting Oklahoma law have consistently concluded that similar limitation provisions are unambiguous and enforceable as to breach of contract claims.").

Under this standard, the Court should dismiss Plaintiff's claim for breach of contract, with prejudice. As the courts in *Hayes* and *Barraza* have already acknowledged, the Policy's one-year limitation period is unambiguous and enforceable under Oklahoma law. Here, Plaintiff concedes that his home was damaged on March 21, 2021. Doc. No. 2-2, ¶ 7. Plaintiff was required to commence this action on or before March 21, 2022. *See id.* Plaintiff commenced this lawsuit on August 25, 2023—more than a year after the Policy's limitation period expired. *See id.* at 1. Since this is apparent from the allegations in the Complaint, Plaintiff's breach of contract should be dismissed according to Fed. R. Civ. P. 12(b)(6). *C.f. Jones v. Bock*, 549 U.S. 199, 215 (2007) (noting that a "complaint is subject to dismissal for failure to state a claim" when the allegations "show that relief is barred by the applicable statute of limitations").

## CONCLUSION

Defendant State Farm Fire and Casualty Company respectfully submits this Partial Motion to Dismiss and Brief in Support. Settled Oklahoma law deems one-year contractual limitation

periods in insurance policies unambiguous and enforceable. Here, Plaintiff filed this action more than one year after the Policy's limitation period expired. As a result, State Farm asks this Court to enter an order dismissing Plaintiff's breach of contract claim, with prejudice.

Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.**

*/s/Jerrick L. Irby*

Jerrick L. Irby, OBA No. 30876
Christopher J. Gnaedig, OBA No. 33892
521 East 2nd Street, Suite 1200
Tulsa, OK  74120
Telephone: (918) 594-0400
Facsimile: (918) 594-0505
jirby@hallestill.com
cgnaedig@hallestill.com

**ATTORNEYS FOR DEFENDANT
STATE FARM FIRE AND CASUALTY
COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, do hereby certify that on the 20th day of November, 2023, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

Donald E. Smolen, II

**ATTORNEY FOR PLAINTIFF**

*/s/ Jerrick L. Irby*

Jerrick L. Irby

5770895.2:012552.00003