## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

MATTHEW HUMPHREY,                          )
                                           )
                    Plaintiff,             )
                                           )
v.                                         )        Case No. 23-CV-00485-GKF-CDL
                                           )
STATE FARM FIRE AND CASUALTY               )
COMPANY, INC.,                             )
                                           )
                    Defendant.             )

## ORDER

This matter comes before the court on the Motion to Partially Dismiss [Doc. 6] of defendant State Farm Fire and Casualty Company, Inc. For the reasons set forth below, the motion is denied.

### Factual Allegations and Procedural History

The Complaint alleges the following facts:[1] On March 21, 2021, Matthew Humphrey's house sustained damage during an accidental house fire, rendering the home and most of its contents a total loss. [Doc. 2-2, p. 3, ¶ 7]. At the time of the fire, Mr. Humphrey and his home were insured under a contract of homeowners insurance authored and issued by State Farm and designated policy number 36-BL-A937-6 ("Policy"). [*Id.* ¶ 8]. At the time of the fire, the Policy in effect had a Dwelling Limit of $202,275. [*Id.* ¶ 9]. Shortly after the fire, pursuant to the Policy, Mr. Humphrey submitted a claim for insurance benefits to State Farm. [*Id.* ¶ 10]. On May 12, 2021, the Policy was renewed by the parties with a revised Dwelling Limit of $294,600. [*Id.* ¶ 11]. On March 31, 2022, State Farm ceased payments for Mr. Humphrey's additional living

---

[1] Plaintiffs filed a Petition in the District Court in and for Tulsa County, and State Farm removed the case to this court. [Doc. 2]. For consistency with the Federal Rules of Civil Procedure, the court refers to the Petition as the Complaint.

expenses as provided for under Coverage C of the Policy, "despite the fact that benefits under the Policy had not been exhausted and [Mr. Humphrey's] home remained uninhabitable." [*Id.* ¶ 12].

On December 21, 2022, State Farm produced a Summary of Loss, indicating that the higher dwelling Policy Limit was applicable to the March 21, 2021 fire. [*Id.* ¶ 13]. Mr. Humphrey alleges that, as a result of State Farm's use of the higher Policy Limit, the loss did not reach the threshold for a Total Loss, thus "allowing State Farm to reduce its exposure at [Mr. Humphrey's] expense." [*Id.* ¶ 14].

On August 25, 2023, two years and five months after the date of the fire, Mr. Humphrey brought this action for breach of contract and bad faith against State Farm. [Doc. 2-2]. In its present motion, State Farm seeks dismissal of Mr. Humphrey's breach of contract claim pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. 6].

### Standard of Review

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "At the motion-to-dismiss stage, we must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty*, 771 F.3d 697, 700 (10th Cir. 2014) (quoting *Cressman v. Thompson,* 719 F.3d 1139, 1152 (10th Cir. 2013)). "'[A]ll well-pleaded *facts*, as distinguished from conclusory allegations, must be taken as true,' and the court must liberally construe the pleadings and make all reasonable inferences in favor of the non-moving party." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1105 (10th Cir. 2017) (quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002)).

2

It is proper to dismiss on the pleadings based on an affirmative defense "only when the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for those elements." *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018).  That is, "[o]nly when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)."  *Id.* (quoting *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004)).

## Analysis

State Farm argues that Mr. Humphrey fails to state a breach of contract claim on which relief can be granted because the Policy's contractual limitation provision applies.  The contractual limitation provision requires the policyholder to file an action within one year from the date of loss.[2]  *See* [Doc. 6-1, p. 31].

A contractual limitation provision is enforceable under OKLA. STAT. tit. 36, § 4803.  *See Wagnon v. State Farm Fire & Cas. Co.*, 951 P.2d 641, 644 (Okla. 1997) (holding that "a fire policy, being property insurance, can be limited to a one-year period in which to file an action") (internal footnote omitted); *Prudential Fire Ins. Co. v. Trave-Taylor Co.*, 152 P.2d 273, 274-75 (Okla. 1944).  However, in response, Mr. Humphrey argues that State Farm has waived the one-year contractual limitation provision defense in its entirety.[3]  *See* [Doc. 20, 1].

---

[2] The court may review documents outside of the pleadings without converting a motion to dismiss under Rule 12(b)(6) to a motion for summary judgment under Rule 56 when a "document is referred to in the complaint and is central to the plaintiff's claim." *See GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384 (10th Cir. 1997).  Here, the Policy is referred to in the Complaint and central to Mr. Humphrey's claims.  Further, Mr. Humphrey does not object to the Court's consideration of the Policy.  Thus, the court may consider the Policy, which was attached to State Farm's motion to dismiss, without converting the motion.

[3] Mr. Humphrey also argues that State Farm is estopped from enforcing the contractual limitation provision.  *See* [Doc. 20].  Because the court applies waiver, the court does not consider estoppel.

"Waiver is the intentional relinquishment of a known right or conduct which warrants an inference of such intent and where it is properly plead and there is evidence to support the plea so made it becomes a question of fact for the jury." *Prudential Fire Ins. Co.,* 152 P.2d at 275 (internal citation omitted).  The plaintiff need not allege fraudulent misconduct or any of the elements of estoppel.

The Oklahoma Supreme Court has held that an insurer "waived the limitation provision when it did not deny liability within time to enable the plaintiff to institute [an] action within the limitation provision contained in the policy." *Prudential Fire Ins. Co.*, 152 P.2d at 275.  Likewise, the Oklahoma Supreme Court concluded an insurer waived its right to enforce a contractual limitation provision "where defendant admitted liability to plaintiff, but never made payment to him on his claim, and there were intermittent negotiations for settlement of the claim." *Agric. Ins. Co. of Watertown v. Iglehart*, 386 P.2d 145, 146 (Okla. 1963).  The court reasoned, in order to enforce a contractual limitation, an insurer should "[pay] plaintiff what it considered to be the reasonable value of plaintiff's loss and [deny] liability for anything in excess of that."[4]  *Id.*

Here, Mr. Humphrey alleges that State Farm did not cease paying for additional living expenses until March 31, 2022—after expiration of the contractual limitation period. [Doc. 2-2, p. 3 ¶ 12].  Further, based on the allegations of the Complaint, the court can reasonably infer that communications between Mr. Humphrey and State Farm continued thereafter, as Mr. Humphrey alleges that State Farm provided a "Summary of Loss" on December 21, 2022.  [*Id.* ¶ 13].  Therein, State Farm stated that the higher dwelling limit applied to the fire and therefore the fire did not meet the threshold for a Total Loss. [Doc. 2-2 ¶ 11, 13–15].

---

[4] Under *Prudential Fire Ins.*, the defendant's actions do not constitute a waiver "in the strict sense of the word," but only serve to "suspend[] or extend[]" the contractual limitations period.  *Ins. Co. of N. Am. v. Bd. of Ed. of Indep. Sch. Dist. No. 12, Texas Cnty.,* 196 F.2d 901, 903 (10th Cir. 1952).

Based on the allegations of the Complaint, it is unclear when the final denial of Mr. Humphrey's claim occurred. Further, as set forth above, Mr. Humphrey alleges additional action by State Farm after the close of the contractual limitation period. Construing the allegations of the Complaint in the light most favorable to Mr. Humphrey, "the Court is unwilling to decide as a matter of law that Defendant did not engage in conduct that might suspend the running of the limitations period." *Linthicum v. Praetorian Ins. Co.*, No. CIV-18-872-D, 2019 WL 1590591, at *4 (W.D. Okla. Apr. 12, 2019). Rather, Mr. Humphrey has alleged "a sufficient factual basis" that waiver of the limitation provision may apply. *Id.*

State Farm argues that, even if the limitation of suit provision is waived, Mr. Humphrey unreasonably delayed filing this case. [Doc. 21, p. 8]. State Farm is correct that, under Oklahoma law, a waiver only extends the contractual limitation provision for a reasonable time. *Ins. Co. of N. Am.*, 196 F.2d at 904; *see also Iglehart*, 386 P.2d at 146; *Prudential Fire Ins. Co.*, 152 P.2d at 273. The Tenth Circuit, applying Oklahoma law, has ruled that "a reasonable time may in some cases become a question of fact, but . . ." may not exceed "more time than the time [the plaintiff] would have had but for the dilatory acts of the [insurer]." *Ins. Co. of N. Am.*, 196 F.2d at 904.

In the present case, Mr. Humphrey brought suit within one year of State Farm's provision of the "Summary of Loss," which applied the higher Dwelling Policy Limit and allegedly "allow[ed] State Farm to reduce its exposure at Plaintiff's expense." [Doc. 2-2, ¶ 13–14]. Thus, Mr. Humphrey did not exceed the one-year contractual limitation provision following the last act alleged by State Farm. Because "a reasonable time" is generally a question of fact, the court declines to find as a matter of law on a motion to dismiss that Mr. Humphrey did not bring his suit within a reasonable time. *See Ins. Co. of N. Am.*, 196 F.2d at 904. Thus, State Farm's motion to dismiss Mr. Humphrey's breach of contract claim is denied.

## Conclusion

WHEREFORE, the Motion to Partially Dismiss [Doc. 6] of defendant State Farm Fire and

Casualty Company, Inc. is denied.

IT IS SO ORDERED this 2nd day of April, 2024.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE